**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　Plaintiff,<br><br>v.<br><br>**MARRYSSA M. MIDDLETON (02),**<br><br>　　Defendant. | Case No. 15-40018-02-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se[1] prisoner Marryssa Middleton's Motion for Reduction in Sentence under 18 U.S.C. § 3582 (Doc. 276).[2] The government has not responded to Ms. Middleton's motion. The motion provides little detail about the relief it seeks, but as best as the court can discern, the motion seeks compassionate release under 18 U.S.C. § 3582(c)(1). Doc. 276 at 1–2 (seeking "a reduction in sentence under 18 U.S.C. [§] 3582" and "requesting a review under the most recent decisions . . . in relation to the Conspiracy charge"). For reasons explained below, the court dismisses the motion because it is without jurisdiction to decide it.

---

[1]　Because Ms. Middleton proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

[2]　Ms. Middleton currently is represented by counsel. "The Supreme Court has recognized a constitutional right to self-representation, but not to simultaneous self-representation and representation by counsel (known as hybrid representation)." *United States v. Couch*, 758 F. App'x 654, 656 (10th Cir. 2018). Although there is no constitutional right to hybrid representation, the court has discretion to allow it. *Id.*; *United States v. Treff*, 924 F.2d 975, 979 n.6 (10th Cir. 1991) ("The decision to allow hybrid representation and to limit the defendant's participation in such representation is within the discretion of the trial court."). Exercising its discretion, the court elects to accept Ms. Middleton's pro se motion in this instance and allow hybrid representation for purposes of this motion only.

### I.     Legal Standard

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  The compassionate release statute, 18 U.S.C. § 3582(c), permits a court to modify a term of imprisonment only if certain exceptions apply.  Until recently, these exceptions required the Bureau of Prisons to bring a motion on a defendant's behalf.  But in 2018, the First Step Act modified the compassionate release statute and authorized a defendant to bring her own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018).  After this amendment, a defendant could bring a motion for compassionate release from custody but only if she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  But, unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify a sentence or grant other relief.  *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

**II.     Discussion**

Construing Ms. Middleton's motion as one seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court finds that Ms. Middleton has failed to show that she has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on her behalf or, alternatively, that 30 days have elapsed since she submitted a request for a motion to the warden. 18 U.S.C. § 3582(c)(1)(A). Indeed, Ms. Middleton does not report that she even has filed a request for compassionate release with her warden. *See generally* Doc. 276. Because Ms. Middleton has not submitted her request to the warden—at least, she has not shown she submitted such a request—she has failed to show that she has exhausted her administrative remedies. So, the court lacks jurisdiction to decide her motion. The court thus dismisses Ms. Middleton's motion (Doc. 276). *See Johnson*, 766 F. App'x at 651 (noting that when a court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where the defendant failed to meet a statutory exception).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Marryssa Middleton's Motion for Reduction in Sentence under 18 U.S.C. § 3582 (Doc. 276) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 13th day of May, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**