**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-40018-02-DDC |
| MARRYSSA M. MIDDLETON (02), | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Marryssa M. Middleton's pro se[1]

Motion For Reconsideration (Doc. 301).  Ms. Middleton asks the court to reconsider its July 29,

2020 Order denying relief under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 289).[2]  Ms. Middleton

supplements her motion with letters written by third parties in support of the requested relief

---

[1]	Because Ms. Middleton filed the current motion pro se, the court construes her filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not become an advocate for the pro se party. *Id.*  Likewise, Ms. Middleton's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[2]	The court previously denied Ms. Middleton's request for relief under 18 U.S.C. § 3582(c)(1)(A) (Doc. 279), finding that the sentencing factors specified by 18 U.S.C. § 3553(a) didn't favor a sentence reduction.  Doc. 289 at 10–11.  Since ruling Ms. Middleton's previous motion, the court has revisited "its reading of § 3582(c)(1)(A) and the growing body of case law governing it."  *United States v. Harris*, ___ F. Supp. 3d ___, No. 15-40054-01-DDC, 2020 WL 7122430, at *1 (D. Kan. Dec. 4, 2020).  And, it has held that "this statute is jurisdictional."  *Id.*; *see also United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." (citation and internal quotation marks omitted)).  Under this reading of the statute, the court should have dismissed Ms. Middleton's previous motion for relief under § 3582(c)(1)(A) for lack of subject matter jurisdiction instead of denying the motion.  This Order amends that portion of the Memorandum and Order (Doc. 289) to reflect that Ms. Middleton's motion (Doc. 279) is dismissed instead of denied.

(Doc. 302).  The government filed a Response (Doc. 303) and Ms. Middleton filed a Reply (Doc. 304).  For the following reasons, the court denies the motion.

## I.      Legal Standard for Motion to Reconsider

"Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (internal citations and quotation marks omitted). "A motion to reconsider is committed to the sound discretion of the district court," *Weaver v. City of Topeka*, 931 F. Supp. 763, 764 (D. Kan. 1996), and recognizes "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors," *United States v. Dieter*, 429 U.S. 6, 8 (1976). "D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders." *United States v. Williams*, No. 09-40024-1-JAR, 2020 WL 7081738, at *2 (D. Kan. Dec. 3, 2020) (applying D. Kan. R. 7.3(b) to motion to reconsider court's decision denying compassionate release).  A party seeking reconsideration of a non-dispositive order must file a motion "'within 14 days after the order is filed unless the court extends the time.'" *United States v. Hollins*, No. 15-20100-JAR, 2021 WL 103017, at *1 (D. Kan. Jan. 12, 2021) (quoting D. Kan. R. 7.3(b)); *see also United States v. Heath*, ___ F. App'x ___, 2021 WL 840911, at *3 (10th Cir. 2021) (affirming, on alternative ground, district court's denial of motion to reconsider the denial of compassionate release because defendant filed motion 26 days after order).

A "party may seek reconsideration on the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Williams*, 2020 WL 7081738, at *2 (discussing D. Kan. R. 7.3(b)).  "A motion to reconsider is not a second chance for the losing party to make its strongest

case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

## II.    Analysis for Motion to Reconsider

*First*, the court addresses the timeliness of Ms. Middleton's motion.  Ms. Middleton asks the court to reconsider its July 29, 2020 Order denying relief under § 3582(c)(1)(A).  Doc. 289. Ms. Middleton signed her Motion for Reconsideration on January 4, 2021.  Doc. 301 at 10.  Her motion was filed on January 8, 2021.  Doc. 301 at 1.  Between the court's Order and when Ms. Middleton signed her motion, more than 22 weeks passed.  Thus, Ms. Middleton's motion is untimely.  *See Hollins*, 2021 WL 103017, at *2 (holding defendant's motion to reconsider the court's decision denying compassionate release untimely because he filed it 15 days after the court's order).

*Second*, Ms. Middleton argues the court should exercise its discretion and resentence her to time served because 18 U.S.C. § 3553(a)'s sentencing factors "weigh strongly in favor of relief[.]"  Doc. 301 at 3.  She argues her medical conditions qualify her for compassionate release during the COVID-19 pandemic.  *Id.* at 4.  The government responds that Ms. Middleton fails to raise a proper argument in her motion and asserts she "simply invokes this Court's authority to revisit her current status of incarceration in hopes that it might have a change of heart given her rehabilitation and the argument that there is a continued outbreak of COVID-19 at FMC Carswell."  Doc. 303 at 4.  And, it argues, "[a]ll of the issues raised in the instant motion could have been submitted in the defendant's previous appeal for relief[.]"  *Id.* at 5.  The court agrees.

Ms. Middleton argues the court should evaluate § 3553(a)'s sentencing factors, including her post-conviction programming and improvement, and find they support her release.  *See* Doc.

301.  She asserts the "goals of sentencing have been met by" her.  *Id.* at 9.  Essentially, Ms. Middleton's motion asks the court to reevaluate its decision denying compassionate release because COVID-19 has worsened and she has made rehabilitative efforts.  *Id*.  The court is unpersuaded by her assertion that COVID-19 has worsened to the extent it was unforeseeable and thus a proper ground for reconsidering its Order.  And Ms. Middleton's motion could have argued that the court should emphasize her rehabilitative efforts in her motion to reduce her sentence.  She fails to provide any argument or new fact unavailable to her when she filed her motion for compassionate release, and thus, her argument is improper on a motion to reconsider. *See Williams*, 2020 WL 7081738, at *2 ("A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." (internal quotation marks and citation omitted)).  The court thus denies Ms. Middleton's motion (Doc. 301) because she does not make a proper argument for a motion to reconsider.

     *Third*, even considering Ms. Middleton's arguments and filings—to the extent she asserts the court should reconsider its Order based on a need to prevent clear error or prevent manifest injustice—they fail to alter the court's previous conclusion that § 3553(a)'s sentencing factors do not support her request.  Ms. Middleton argues the COVID-19 pandemic has worsened.  Doc. 301 at 9.  She also argues the court applied a standard that "is somewhat antithetical to the standard applied by the district courts who have used the amended Section 3582(c)(1)(A) to grant compassionate release, absent any medical conditions" in denying her motion for compassionate release.  *Id.*  She contends the court should base its § 3553(a) analysis on "post-conviction improvement and post sentencing . . . [o]therwise, using the same sentencing analysis goes against the spirit and letter of ***statutory post-conviction sentencing reductions.***"  *Id.* at 5. She asks the court to "consider her post-conviction record of programming and place an

emphasis on her medical condition[.]" *Id.* at 6.  Notably, Ms. Middleton does not include any evidence or record supporting her claim of rehabilitation.  *See* Doc. 301.

Ms. Middleton pleaded guilty to conspiracy to commit kidnapping resulting in death. Doc. 145 at 1.  The court sentenced Ms. Middleton to 336 months—or 28 years—and five years' supervised release.  Doc. 189 at 2–3.  Granting Ms. Middleton's requested relief would reduce her sentence by more than 17 years.  *See* Marryssa M. Middleton, Reg. No. 25077-031, https://www.bop.gov/inmateloc/ (last visited Apr. 23, 2021) ("Release Date:  05/18/2038").

In evaluating Ms. Middleton's motion, the court considered Ms. Middleton's health conditions and evaluated § 3553(a)'s sentencing factors.  Doc. 289 at 7–10.  The court noted the especially heinous and violent nature of her crime, which included attacking a woman and attempting to cut the woman's throat repeatedly, including after the woman threw herself off a bridge to escape.  *Id.* (citing Doc. 178 at 9 (PSR ¶¶ 33–34)).  It held that the "pertinent sentencing factors in 18 U.S.C. § 3553(a) do not favor the reduction" Ms. Middleton requested. *Id.* at 10.  Ms. Middleton asserts she "has self-rehabilitated herself during" imprisonment and contends she is "continuing to fight to rec[ei]ve" her G.E.D.  Doc. 301 at 6; Doc. 301-1 at 1.  The court commends Ms. Middleton for her educational efforts, but on a motion for relief under § 3582(c)(1)(A), rehabilitative efforts comprise just one factor in the court's § 3553(a) analysis. *See* 18 U.S.C. § 3553(a)(1) (considering "the history and characteristics of the defendant").  Ms. Middleton's purported rehabilitative efforts do not alter the court's conclusion that § 3553(a)'s sentencing factors fail to support the requested relief in light of the depravity and violence of Ms. Middleton's underlying conduct.  Reducing her prison sentence by more than half would no longer "reflect the seriousness of the offense" or "provide just punishment for the offense[.]"  18

U.S.C. § 3553(2)(A).  The court declines to reconsider its Order denying relief under 18 U.S.C. § 3582(c)(1)(A) (Doc. 289).

**IT IS THEREFORE ORDERED THAT** Ms. Middleton's Motion for Reconsideration (Doc. 301) is denied.

**IT IS SO ORDERED.**

**Dated this 29th day of April, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**