IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

MARRYSSA M. MIDDLETON (02),

    Defendant-Petitioner.

Case No. 15-40018-02-DDC

## MEMORANDUM AND ORDER

  Before the court is defendant-petitioner Marryssa Middleton's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 312). This is Ms. Middleton's second § 2255 motion filed with our court. In it, she argues that she received ineffective assistance from her court-appointed counsel in her first § 2255 proceeding. The government has filed a Response to Ms. Middleton's motion (Doc. 314). And Ms. Middleton has filed a Reply (Doc. 316). She has also filed a Motion to Appoint Counsel in this § 2255 proceeding (Doc 315). Because Ms. Middleton didn't seek authorization from our Circuit before filing this second § 2255 motion, the court lacks jurisdiction to decide it. So, the court dismisses Ms. Middleton's § 2255 motion. It also denies her Motion to Appoint Counsel as moot.

## I. Background

  In 2017, Ms. Middleton pleaded guilty to one count of conspiracy to commit kidnapping resulting in death, violating 18 U.S.C. § 1201(c). Doc. 189 at 1. After accepting a plea agreement between the parties under Fed. R. Crim. P. 11(c)(1)(C), the court sentenced Ms. Middleton to 336 months in prison. *See* Doc. 145 (Rule 11(c)(1)(C) agreement); Doc. 189 at 2 (Judgment); Doc. 190 at 3 (accepting "binding plea agreement").

Ms. Middleton filed her first § 2255 motion on February 26, 2019.  *See* Doc. 254. Appearing pro se, she argued that her Sixth Amendment rights were violated based on events revealed in the now-infamous case in our court, *United States v. Black*, D. Kan. No. 16-20032-JAR.  Ms. Middleton argued that the government accessed soundless video recordings of her meetings with counsel while she was incarcerated at CoreCivic in Leavenworth, Kansas.  The court appointed counsel to represent Ms. Middleton in a consolidated case with similar claims filed by other petitioners, *In re CCA Recordings 2255 Litigation*, D. Kan. No. 19-2491-JAR-JPO.  *See* Doc. 268.

As the case proceeded, Ms. Middleton failed to identify any videos of her meeting with counsel that the government had accessed.  The court issued a Notice and Order to Show Cause why the court shouldn't dismiss her § 2255 motion.  *See* Doc. 297.  Ms. Middleton didn't file a response, and so the court summarily dismissed her § 2255 motion "for lack of any factual basis that would warrant relief from her conviction or sentence."  Doc. 299 at 1.  The court also denied Ms. Middleton a certificate of appealability, finding that she had failed to make a substantial showing she was denied a constitutional right.  *Id.* at 1–2.  Ms. Middleton didn't appeal this dismissal to the Tenth Circuit.  Now, in the current case, she has filed a second § 2255 motion. In it, she argues that her counsel from the first § 2255 motion provided ineffective assistance. Ms. Middleton did not seek authorization from the Tenth Circuit before filing this second § 2255 motion.

II.     **Legal Standard**

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."  *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (per curiam)

(citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h)).  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Circuit] has granted the required authorization."  *Id.* at 1251.

But, a district court may transfer an unauthorized action to the Circuit "'if it is in the interest of justice'" to do so.  *Id.* (quoting 28 U.S.C. § 1631) (emphasis omitted).  The decision whether to transfer to the Circuit is committed to the district court's discretion.  *See id.*  Courts making this decision should consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  *Id.*  But where "there is no risk" that a federal prisoner will lose the ability to bring a meritorious successive claim absent a transfer, "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Circuit] for authorization."  *Id.* at 1252.

## III.    Analysis

Ms. Middleton argues that her post-conviction counsel provided ineffective assistance in three forms:  (1) counsel failed to provide discovery about the audio and video recordings in the consolidated case; (2) counsel didn't amend Ms. Middleton's § 2255 motion to raise objections to the Presentence Investigation Report about certain facts that, Ms. Middleton argues, prejudiced her at sentencing; and (3) counsel didn't notify Ms. Middleton of his intent to withdraw from the case and failed to appeal the court's dismissal of her claim in the consolidated case.

As mentioned above, this is Ms. Middleton's second § 2255 motion.  And she didn't seek authorization from our Circuit before filing it.  Thus, the court must decide whether Ms.

Middleton's § 2255 motion is "second or successive" such that the court lacks jurisdiction to decide it.

"The term 'second or successive' is not defined in § 2255 or elsewhere in AEDPA [the Antiterrorism and Effective Death Penalty Act]." *In re Weathersby*, 717 F.3d 1108, 1110 (10th Cir. 2013) (per curiam).  But "it does not simply refer to every § 2255 motion filed second in time to a previous § 2255 motion." *Id.*  Instead, where "the basis for [a petitioner's] proposed [second] § 2255 claim did not exist" when the proceedings for the first § 2255 motion were ongoing, the claim may not be "second or successive." *Id.* at 1111.  And so—in that narrow situation—a petitioner doesn't need authorization from the Circuit to file a second § 2255 motion.

It's not entirely clear whether this exception applies to a situation like this one, *i.e.*, where the petitioner brings a second § 2255 motion arguing that counsel provided ineffective assistance on the first § 2255 motion.  Our Circuit has characterized the "exception to the bar on successive § 2255 motions" as "narrow[.]"  *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015).  This narrow exception applies only "where the factual basis for a claim does not yet exist—not where it has simply not yet been discovered—at the time of a defendant's first motion." *Id.*  In *Weathersby* (the case where the exception originated), our Circuit allowed a second § 2255 motion without authorization because the petitioner sought "to reopen his federal sentence based on [a] state court's vacatur" of his earlier state court convictions, which allegedly had occurred after his first § 2255 proceeding concluded.  *See* 717 F.3d at 1111.

Ms. Middleton's motion is different.  In some sense, the factual basis for her ineffective assistance claim did exist when she filed her first § 2255 motion because it arose before the

proceedings concluded.  But in another sense, Ms. Middleton likely couldn't allege ineffective assistance of counsel in a proceeding where that alleged ineffective assistance was ongoing.

Our Circuit has touched on this question—whether a motion like Ms. Middleton's is truly second or successive—but it hasn't resolved the issue.  In *United States v. Powell*, a petitioner filed a second § 2255 motion arguing that "his counsel in his first § 2255 proceeding was ineffective in plea negotiations that occurred during that proceeding[.]"  584 F. App'x 919, 920 (10th Cir. 2014).  The district court characterized the *Powell* petitioner's motion as second or successive because it held that he "knew of the facts underlying the claim during his first § 2255 proceeding and could have raised them then[.]"  *Id.*  And because the petitioner hadn't sought authorization from the Circuit, the district court dismissed the motion for lack of jurisdiction.  On the petitioner's application for a certificate of appealability, the Circuit didn't decide whether the district court correctly had decided that the § 2255 motion was second or successive.  "Even assuming for the sake of argument that reasonable jurists could debate whether the district court was correct in its procedural ruling," our Circuit reasoned, there "is no constitutional right to counsel in a post-conviction proceeding."  *Id.*  And so, our Circuit held, "no reasonable jurist could conclude that [the petitioner] was deprived of a constitutional right."  *Id.*  The Circuit thus denied a certificate of appealability and dismissed the matter.

The court is reluctant to conclude from *Powell* that it has jurisdiction over Ms. Middleton's motion.  *Powell* merely "assum[ed] for the sake of argument that reasonable jurists could debate" whether a petitioner could bring a claim for ineffective assistance of post-conviction counsel in a second § 2255 motion without Circuit authorization.  584 F. App'x at 920.  *Powell* didn't hold that a district court has jurisdiction over a motion like Ms. Middleton's absent authorization.  Without some clear authority conferring jurisdiction on the court, it is

unwilling to assume jurisdiction, even though it might provide a more straightforward path to resolving Ms. Middleton's motion.  After all, the court could assume Ms. Middleton's motion isn't second or successive and then deny it on the merits because, as *Powell* emphasized, there "is no constitutional right to counsel in a post-conviction proceeding."  584 F. App'x at 920.  But "courts may not exercise 'hypothetical jurisdiction' to reach the merits of a case, even if proceeding in such a manner might offer a more straightforward path to its resolution." *Chance v. Zinke*, 898 F.3d 1025, 1029 (10th Cir. 2018) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).  So, because our Circuit hasn't authorized Ms. Middleton to bring her second or successive § 2255 motion, the court lacks jurisdiction to decide it.

The court also concludes that it is not in the interest of justice to transfer this action to the Circuit to consider authorizing it.  Ms. Middleton's motion raises claims for ineffective assistance of postconviction counsel.  But, again, there "is no right to counsel in postconviction proceedings[.]" *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  And "where there is no constitutional right to counsel there can be no deprivation of effective assistance[.]" *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citation omitted); *see also Smallwood v. Gibson*, 191 F.3d 1257, 1267 n.4 (10th Cir. 1999) ("Petitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because there is no constitutional right to an attorney in state post-conviction proceedings." (quotation cleaned up)).   Ms. Middleton thus doesn't have a meritorious claim.  So, there is no risk that the court's declining to transfer her case to the Circuit would deprive her of a meritorious claim. *See In re Cline*, 531 F.3d at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion

if it concludes it is not in the interest of justice to transfer the matter to this court for authorization.").

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability (COA) only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the Tenth Circuit has *assumed* that reasonable jurists could debate the court's procedural ruling here, the Tenth Circuit explicitly has held that "no reasonable jurist could conclude" that the claims Ms. Middleton brings in this petition amount to denial of a constitutional right. *Powell*, 284 F. App'x at 920 (denying COA for second § 2255 motion raising ineffective assistance of postconviction counsel claim); *see also Payton v. Kansas*, 592 F. App'x 745, 746–47 (10th Cir. 2015) (same).

Ms. Middleton has failed to make a substantial showing that anyone denied her of a constitutional right. The court thus declines to issue a COA.

## IV. Conclusion

The court dismisses Ms. Middleton's second or successive § 2255 motion for lack of jurisdiction. Also, it declines to transfer this action to the Tenth Circuit. And it declines to issue a certificate of appealability. The court also denies Ms. Middleton's Motion to Appoint counsel as moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Middleton's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 312) is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED BY THE COURT THAT** Ms. Middleton's Motion to Appoint Counsel (Doc. 315) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 25th day of January, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
