## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 15-40018-02-DDC** |
| **v.** | |
| **MARRYSSA M. MIDDLETON (02),** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Defendant Marryssa Middleton has filed a Motion for Reduction in Sentence (Doc. 335). She asserts that extraordinary and compelling circumstances warrant her early release from prison. Specifically, she argues that she has serious medical problems that prevent her from caring for herself in prison. *Id.* at 18. And she asserts that she's not expected to recover from these ailments. *Id.* Ms. Middleton also claims that her mother, Carol Mas, and her sister, Anysia Prater, have medical problems, and she is their only available caregiver. *Id.* at 19.

Ms. Middleton's motion relies heavily on three exhibits: her medical records (Ex. B), Ms. Mas's medical records (Ex. C), and Ms. Prater's medical records (Ex. D). She now asks the court for leave to file those medical records under seal because they contain "inherently sensitive" information that "is generally protected from public disclosure in other legal contexts."[1] Doc. 339 at 1. And she cites the Health Insurance Portability and Accountability Act. *Id.* The court is unpersuaded that it should seal these medical records.

---

[1] Though Ms. Middleton seeks to seal only three exhibits, she attached exhibits that she doesn't seek to seal to her sealing motion. *See* Doc. 339-1 (Ex. A); Doc. 339-5 (Ex. E); Doc. 339-6 (Ex. F). The court orders these documents unsealed.

Federal courts have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The party seeking to overcome the strong presumption of public access must show that countervailing interests heavily outweigh the public interest in access to the judicial record. *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). To overcome this strong presumption in favor of public access, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the court's decision-making process. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012); *see also King v. Bd. of Cnty. Comm'rs*, No. 21-2049-KHV, 2022 WL 486550, at *1 (D. Kan. Feb. 17, 2022) (denying motion to seal medical information because defendant had not explained why disclosure of such information would cause harm or why redaction wouldn't suffice to protect privacy interests).

At "least three factors may amplify this strong presumption in favor of public access." *United States v. Walker*, 761 F. App'x 822, 834 (10th Cir. 2019). The first amplifying factor occurs when the district court will "use[] the sealed documents to determine litigants' substantive legal rights." *Id.* (quoting *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013)). The second amplifying factor is present "where a criminal proceeding does not involve presentation to a jury"—in that instance, "the importance of public access to the proceeding is 'even more significant.'" *Id.* (first citing *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 12–13 (1986); and then citing *In re Hearst Newspapers, LLC*, 641 F.3d 168, 179 (5th Cir. 2011)). And the third amplifying factor occurs "where the information sealed has already been disclosed in a public proceeding, a party's personal interest in sealing the material is diminished." *Id.*

Here, Ms. Middleton's motion is terse. She asserts medical records are sensitive, throws in a cite to HIPAA, and asks the court to seal the documents. That won't do. Her cursory

2

argument fails to shoulder her burden to demonstrate a real and substantial interest that would justify sealing. To be sure, medical records contain sensitive information. But here, the public has a heightened interest in these medical records. Indeed, two of the three factors amplifying the strong presumption of public access present themselves.

*First*, the court must use the sealed documents to determine Ms. Middleton's request for a reduced sentence. That is, Ms. Middleton's motion puts her health and the health of her family at its core. Her health is so bad and her family members face such health issues, Ms. Middleton asserts, that the court should reduce the sentence she's serving for kidnapping a woman, attacking her with a knife, and trying to cut her throat—before her accomplice finished the job and killed the woman. These are important medical records indeed. Other courts have denied motions to seal medical records in compassionate-release cases where the defendant seeks release based on a medical condition. *See United States v. Edwards*, No. 12-20015-01-DDC, 2023 WL 6390528, at *1 (D. Kan. Sept. 27, 2023); *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 4673216, at *1 (D. Kan. Aug. 12, 2020).

*Second*, this is a post-conviction criminal matter that a jury won't hear. So, a heightened need for public access exists. Indeed, in the court's experience, many members of the public are interested in this case—and for good reason, given the gruesome facts of Ms. Middleton's violent crime.

In sum, Ms. Middleton has failed to articulate a countervailing interest that heavily outweighs the public's strong—and amplified—interest in her medical records. What's more, Ms. Middleton's proposed mechanism for protecting her (inadequately articulated) interests isn't narrowly tailored. She wants to seal the records in their entirety. Doc. 339 at 2. That's a problem because "a district court abuses its discretion if it does 'not narrowly tailor its order'

3

closing the record to public inspection." *Walker*, 761 F. App'x at 835 (quoting *Davis v. Reynolds*, 890 F.2d 1105, 1110 (10th Cir. 1989)).  And our Circuit has suggested that district courts should consider whether redacting, rather than sealing, a document would adequately serve a litigant's interest.  *Pickard*, 733 F.3d at 1304–05.

The court thus denies Ms. Middleton's sealing motion.  But it does so without prejudice to refiling.  In the event Ms. Middleton thinks she can make a better argument or propose a better solution, the court gives her 21 days from the date of this Order to file a renewed sealing motion. In the meantime, the court will leave the three exhibits sealed provisionally.  If Ms. Middleton fails to file a supplemental sealing motion within the time specified, the court will unseal the three exhibits, and it will do so 22 days after this Order.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Marryssa Middleton's Motion for Leave to File Under Seal (Doc. 339) is denied without prejudice to refiling.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court should unseal Doc. 339-1, Doc. 339-5, and Doc. 339-6.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court should provisionally seal Doc. 339-2, Doc. 339-3, and Doc. 339-4.  Ms. Middleton has **21 days** from the date of this Order to file a renewed motion to seal.  If she fails to do so, the court will unseal these documents.

**IT IS SO ORDERED.**

---

[2]    If Ms. Middleton chooses to file a new sealing motion, she may re-attach the relevant exhibits to that new motion.  In that instance, the court will rule on sealing the exhibits attached to the new motion and order the three attached here—Doc. 339-2 (Ex. B), Doc. 339-3 (Ex. C), and Doc. 339-4 (Ex. D)— permanently sealed.

5

Dated this 13th day of July, 2026, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge